IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ANTHONY FIELDS                      )
                                    )
             Plaintiff,             )
                                    )
     v.                             )   1:10CV844
                                    )
JULIUS BRIAN TUCKER; CHIEF OF       )
POLICE TIMOTHY R. BELLAMY;          )
THE GREENSBORO POLICE DEPARTMENT;   )
and the CITY OF GREENSBORO.         )
                                    )
             Defendants.            )
```

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the undersigned United States Magistrate Judge for a recommendation, pursuant to the Court's Amended Standing Order No. 30, on (1) the Motion to Dismiss of Defendants City of Greensboro, Greensboro Police Department and Timothy R. Bellamy (Docket Entry 5); and (2) the Motion to Dismiss of Defendant Julius Brian Tucker (Docket Entry 9); as well as for disposition of the Motion for Leave to Amend Complaint filed by Plaintiff Anthony Fields (Docket Entry 13). For the reasons that follow, Plaintiff's Motion to Amend (Docket Entry 13) will be granted and Defendants' Motions to Dismiss (Docket Entries 5, 9) should be granted, except that the Court should dismiss some of the claims without prejudice (rather than with prejudice as Defendants request).

**Background**

Plaintiff Anthony Fields ("Fields") filed this action on November 10, 2010, raising claims under 42 U.S.C. § 1983 and state law. (Docket Entry 1.) Plaintiff's Complaint names police officer

Julius Brian Tucker ("Tucker"), Chief of Police Timothy R. Bellamy ("Bellamy"), the Greensboro Police Department ("GPD") and the City of Greensboro ("Greensboro") as Defendants. (Id., ¶¶ 2, 4-6.) Plaintiff's Complaint alleges the following claims for relief as to all Defendants: (1) "Negligence" (id., ¶¶ 17-27); (2) "Negligent and Intentional Infliction of Emotional Distress" (id., ¶¶ 28-37); (3) "Excessive Force-Individual Capacity" (pursuant to 42 U.S.C. § 1983) (id., ¶¶ 38-47); (4) "Excessive Force-Official Capacity" (pursuant to 42 U.S.C. § 1983) (id., ¶¶ 48-54); (5) "Battery" (id., ¶¶ 55-62); and (6) "Constitutional/Civil Rights Violations" (pursuant to 42 U.S.C. § 1983) (id., ¶¶ 63-77). According to the Complaint, all claims for relief arise from an incident on or about November 11, 2007, during which Defendant Tucker "used excessive force in effecting the arrest of Plaintiff Fields, including, but not limited to, shooting Fields in the back of the head, without justification." (Id., ¶ 12.)

On February 22, 2011, Defendants Bellamy, GPD and Greensboro filed a Motion to Dismiss seeking dismissal, with prejudice, of all of Plaintiff's claims. (Docket Entry 5.) Defendants' Motion to Dismiss contends (1) Defendant Bellamy is an improper party to the action in that official capacity claims under 42 U.S.C. § 1983 against Defendant Bellamy are redundant to claims against Greensboro;[1] (2) Plaintiff failed to state a claim upon which

---

[1] Defendant GPD also contended that it is an improper party to the lawsuit as it has no capacity to sue or be sued and is a department of Defendant Greensboro. (Docket Entry 5, ¶¶ 12-15.) Plaintiff has conceded this point.
(continued...)

2

relief can be granted with respect to Plaintiff's claims under 42 U.S.C. § 1983; and (3) lack of subject matter jurisdiction with respect to Plaintiff's state law claims. (Id.)[2] Also on February 22, 2010, Defendants Bellamy, GPD and Greensboro filed a Brief in Support of Motion to Dismiss. (Docket Entry 6.)

On March 29, 2011, Defendant Tucker filed a Motion to Dismiss for failure to state a claim upon which relief can be granted with respect to Plaintiff's claims under 42 U.S.C. § 1983 and lack of subject matter jurisdiction with respect to Plaintiff's state law claims. (Docket Entry 9.) Also on March 29, 2011, Defendant Tucker filed a Brief in Support of Motion to Dismiss of Defendant Julius Brian Tucker. (Docket Entry 10.)

---

[1](...continued)
(Docket Entry 14, ¶ 8.) Case law confirms the propriety of that concession. See Jones v. City of Greensboro, 51 N.C. App. 571, 593 (1981) ("Defendants Greensboro Police Department and Greensboro Coliseum Complex would not be amenable to suit under [Section] 1983 since they are component parts of defendant City of Greensboro and as such lack the capacity to be sued."), overruled on other grounds, Fowler v. Valencourt, 334 N.C. 345 (1993); see also Ellison v. Elledge, No. 3:10CV 157-1-MU, 2010 WL 1506904, at *1 (W.D.N.C. April 14, 2010) (unpublished) (holding that Charlotte Mecklenburg Police Department lacks capacity to be sued and thus is not proper party); Gore v. Conway Police Dep't, No. 9:08-01806, 2008 WL 2566985, at *2 (D.S.C. June 26, 2008) (unpublished) (listing federal court decisions holding that a police department is not a "person" under 42 U.S.C. § 1983). Accordingly, the Court should dismiss all claims against GPD with prejudice.

[2] Defendants also originally asserted in their respective Motions to Dismiss that Plaintiff's battery claim should be barred by a one-year statute of limitations pursuant to N.C. Gen. Stat. § 1-54(3). (See Docket Entry 5, ¶ 9; Docket Entry 9, ¶ 9.) Defendants now have conceded that N.C. Gen. Stat. § 1-54(3) is inapplicable on the instant facts. (Docket Entry 16 at 3-4.) Plaintiff's battery claim is governed by the three-year statute of limitations of N.C. Gen. Stat. § 1-52(13), which applies to trespass by a public officer acting under color of office. See Fowler v. Valencourt, 334 N.C. 345 (1993). Plaintiff's claim was timely filed under a three-year statute of limitations.

3

On May 23, 2011, Defendant filed a Motion for Leave to Amend Complaint. (Docket Entry 13.) Defendant's Motion for Leave to Amend Complaint attached a proposed Amended Complaint. (Docket Entry 13, Ex. A.) Also on May 23, 2011, Defendant filed his Response to Motions to Dismiss of Defendants Tucker, Bellamy, GPD, and Greensboro (Docket Entry 14) and Brief in Opposition of Defendants' Motion to Dismiss (Docket Entry 15). On June 3, 2011, Defendants filed a Reply to Plaintiff's Response (Docket Entry 16), as well as a Consent to Plaintiff's Motion for Leave to Amend Complaint (Docket Entry 17).

## Motion for Leave to Amend

I. Standard for Motion for Leave to Amend

Under the Federal Rules of Civil Procedure, absent authority to amend as a matter of course, a party may amend its pleading "only with the opposing party's written consent <u>or</u> the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis added).

II. Discussion

In this case, Defendants' Consent to Plaintiff's Motion for Leave to Amend Complaint (Docket Entry 17), satisfies the requirements of Fed. R. Civ. P. 15(a)(2) and makes leave of Court unnecessary. The Court therefore grants Plaintiff's Motion for Leave to Amend Complaint. For reasons stated in <u>Deberry v. Davis</u>, No. 1:08CV582, 2010 WL 1610430, at *7 n.8 (M.D.N.C. Apr. 19, 2010) (unpublished), the undersigned United States Magistrate Judge will enter an order, rather than a recommendation, as to this matter.

4

**Motion to Dismiss**

Defendants' Motions to Dismiss will be considered in light of Plaintiff's proposed Amended Complaint (Docket Entry 13, Ex. A), which the Court has allowed, see supra p. 4.  Defendants have challenged Plaintiff's pleading on the following grounds:  (1) Defendant Bellamy is an improper party in that official capacity claims under 42 U.S.C. § 1983 against Defendant Bellamy are redundant to claims against Greensboro; (2) Plaintiff failed to state a claim for excessive force; and (3) lack of subject matter jurisdiction with respect to Plaintiff's state law claims.

I.  Defendants as Improper Parties

    A.  Defendant Bellamy

Defendants have argued that the official capacity claims under 42 U.S.C. § 1983 against Defendant Bellamy should be dismissed as redundant to Plaintiff's claims against Greensboro.  Official capacity suits against an employee of a government entity simply duplicate claims brought against the employing government entity.  See Kentucky v. Graham, 473 U.S. 159, 165 ("Official capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting Monell, 436 U.S. at 690 n.55)); Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004) ("The district court correctly held that the § 1983 claim against [defendant] in his official capacity as Superintendent is essentially a claim against the Board and thus should be dismissed as duplicative.").

5

This Court, in fact, has found the same in a context similar to this one. Specifically, in Alexander v. City of Greensboro, 762 F. Supp. 2d 764 (M.D.N.C. 2011) (Schroeder, J.), plaintiffs brought suit against personnel of the City of Greensboro in both their individual and official capacities under 42 U.S.C. §§ 1981, 1983 and 1985, alleging violations based on race discrimination. Defendants filed a Motion to Dismiss, arguing in part that official capacity claims against employees of the Greensboro Police Department should be dismissed as duplicative and redundant to claims against the City of Greensboro. Alexander, 762 F. Supp. 2d at 785-86. The Court agreed, stating that "the official capacity claims are indeed duplicative of those against the City [of Greensboro] . . . ." Id. at 788.

It is undisputed that, at the time of the events underlying the Complaint, Defendant Bellamy served as Chief of GPD, and, as such, was an employee of Greensboro. (Docket Entry 1, ¶ 6.) Plaintiff has asserted that allegations regarding custom and usage are sufficient to maintain an action against Defendant Bellamy. (Docket Entry 15 at 5.) Such allegations do not relate to the legal viability of an official capacity claim in this context and will be addressed as to claims against Defendant Bellamy in his individual capacity, see infra, pp. 13-15.

Under these circumstances, Plaintiff's official capacity claims under 42 U.S.C. § 1983 against Defendant Bellamy should be dismissed with prejudice.

### B. Defendant Tucker

Though not included in Defendant Tucker's Motion to Dismiss, the principles applied to Defendant Bellamy would also extend to Defendant Tucker. Defendant Tucker too is a an employee of Greensboro. (Docket Entry 1, ¶ 3.) As such, an official capacity claim against Defendant Tucker is redundant of the parallel claim against Greensboro. As a result, Plaintiff's official capacity claims under 42 U.S.C. § 1983 against Defendant Tucker should be dismissed with prejudice.

## II. Failure to State a Claim

Defendants have contended that Plaintiff's excessive force and constitutional/civil rights violation claims against Defendants Tucker (in his individual capacity), Bellamy (in his individual capacity), and Greensboro should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket Entry 9, ¶ 6; Docket Entry 5, ¶ 7.)

A complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

7

Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[3]

### A. Defendant Greensboro

Plaintiff may not hold Greensboro vicariously liable under 42 U.S.C. § 1983 for actions of its employees based on principles of respondeat superior. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). "A municipality cannot be held liable under Section 1983 unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Id. at 691. To establish liability against a municipality under Section 1983, a plaintiff must show that "the constitutional injury is proximately caused by a written policy or ordinance, or by a widespread practice that is 'so permanent and well settled as to constitute a 'custom or usage' with the force of law.'" McFadyen v. Duke Univ., ___ F. Supp. 2d ___, ___, 2011 WL 1260207, at *50 (M.D.N.C. 2011) (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)).

In the instant case, Plaintiff fails to allege any facts supporting such a claim against Greensboro. (See Docket Entry 1; Docket Entry 13.) The Complaint contains only conclusory

---

[3] "[D]etermining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion . . . requires the reviewing court to draw on its judicial experience and common sense." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

statements from which this Court cannot determine whether Plaintiff's claims cross the line "between possibility and plausibility of 'entitlement to relief'" as required by Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Plaintiff's Complaint contains statements such as "the City of Greensboro has a formal policy and/or well-established custom to allow and promote Tucker, among other Greensboro police officers, to effect an arrest by promoting the use of excessive force." (Docket Entry 1, ¶ 51.) Plaintiff's Complaint also states:

> Upon information and belief, Tucker, in his official capacity, and therefore, the City of Greensboro, has violated the Federal Civil Rights Act, 42 U.S.C. § 1983 for deprivation, under the color of state law, of the rights secured by the Constitution and laws of the United States, by adopting a formal policy and/or well established custom of using excessive force and promoting the use of force when effecting arrests against minorities in violation of the United States Constitution, including, without limitation, the Fourth Amendment protection against excessive force and unreasonable searches and seizures of the person.

(Id., ¶ 50.)

The Complaint, however, offers no "factual matter," Iqbal, 129 S.Ct. at 1949, to support these "mere conclusory statements," id. Plaintiff's Section 1983 claim fails without such factual support. See, e.g., Graniczny v. City of El Paso, Tex., No. EP-10-CV-156-PRM, 2011 WL 3666610, at *4 (W.D. Tex. Mar. 11, 2011) (unpublished) (finding failure to state claim for excessive force against City of El Paso where plaintiff failed to allege "specific instances" of "excessive force or aggressive behavior by any other officer" and stating that plaintiff's allegations that El Paso Police Department

9

has been "overreacting and immediately resorting to deadly force when less lethal force is available" represented a "conclusory allegation which is not entitled to a presumption of truth"); Hall v. Weaver, No. 3:10-cv-101-KRG-KAP, 2011 WL 1136838, at *2 (W.D. Pa. March 8, 2011) (unpublished) ("Simply asserting that there are 'many' instances of excessive use of force is not adequate, because that is the sort of threadbare conclusion that the Supreme Court held in [Iqbal] that a reviewing court should disregard." (internal citation omitted)). Based on the foregoing, Plaintiff's claims under 42 U.S.C. § 1983 against Defendant Greensboro should be dismissed for failure to state a claim; however, the Court should make the dismissal without prejudice to afford Plaintiff an opportunity to pursue this claim if he has a good-faith basis to allege factual matter that would support it.

B. Defendant Tucker

Plaintiff's Complaint states that Defendant Tucker deprived Plaintiff of his rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments and committed battery in violation of state law. (See Docket Entry 1, ¶¶ 13, 55-67.) A claim under 42 U.S.C. § 1983 for excessive force during an arrest is analyzed under Fourth Amendment standards. Graham v. Conner, 490 U.S. 386, 395-96 (1989). "Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Id. at 396. To make out an excessive force claim, Plaintiff must show that

10

Defendant Tucker "inflicted unnecessary and wanton pain and suffering." Whitley v. Albers, 475 U.S. 312, 320 (1986). An objective standard applies, Graham, 490 U.S. at 395-96, which necessitates a "careful balancing of the 'nature and quality of the intrusion on the individual's Fourth Amendment interests,'" id. at 396 (quoting Tennessee v. Garner, 471 U.S. 1, 8 (1985)). "[P]roper application [of this standard] requires careful attention to the facts and circumstances of each particular case, including the severity of the crime [as to which the plaintiff's detention was sought], whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id.

Plaintiff's claim of battery is governed by North Carolina state law. Under North Carolina law, a showing of battery against Defendant Tucker would require similar factual assertions as a showing of excessive force under Section 1983:

> [A] law-enforcement officer is justified in using deadly physical force upon another person . . . when it is or appears to be reasonably necessary . . . [t]o effect an arrest or to prevent the escape from custody of a person who he reasonably believes is attempting to escape by means of a deadly weapon, or who by his conduct or any other means indicates that he presents an imminent threat of death or serious physical injury to others unless apprehended without delay . . . .

N.C. Gen. Stat. § 15A-401(d)(2). Moreover, to make out a battery claim against a law enforcement officer, a plaintiff must show "that the officer used force against plaintiff which was excessive under the given circumstances." Glenn-Robinson v. Acker, 140 N.C. App. 606, 625 (2000) (block quotation format omitted).

11

In light of the foregoing standard, Plaintiff has failed to assert "sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face," Iqbal, 129 S.Ct. at 1949, for his excessive force claim under Section 1983 and his state-law battery claim to stand. Plaintiff's Complaint contains allegations of the application of deadly force by Defendant Tucker in the form of "shooting [Plaintiff] Fields in the back of the head." (Docket Entry 1, ¶ 12.) Plaintiff's Amended Complaint provides that said shooting occurred after Plaintiff attempted to elude Defendant Tucker in his vehicle and struck a commercial building, whereupon Defendant Tucker approached Plaintiff's vehicle — "gun drawn." (Docket Entry 13, ¶ 12.)

However, neither Plaintiff's original Complaint nor Amended Complaint includes factual assertions that would allow this Court to find that Plaintiff has a plausible claim that Defendant Tucker's actions were excessive. Notably, Plaintiff's pleadings fail to make clear the crime for which the pursuing officers sought his detention and whether he was "actively resisting" at the time of his shooting. See Graham, 490 U.S. at 396. A mere allegation that an officer used deadly force is insufficient because an officer may use such force under certain circumstances. See id. Plaintiff must come forward with further factual matter regarding his actions against which Defendant Tucker's actions can be balanced. Without both, the Court lacks a sufficient basis to determine if Plaintiff has stated a plausible claim. See, e.g., Hammock v. Huffstickler, No. 3:11cv242-RJC, 2011 WL 3687611, at *2

12

(W.D.N.C. Aug. 23, 2011) (unpublished) (ruling that plaintiff failed to state excessive force claim as plaintiff did not allege any facts that would allow court to infer that defendant acted objectively unreasonably); Morgan v. Irvington Police Dep't., No. 10-0292(FSH), 2010 WL 2035966, at *5 (D.N.J. May 21, 2010) (unpublished) (forecasting allegations plaintiff must make to state excessive force claim and noting that "'culpability is relevant . . . to the *reasonableness* of the seizure - to whether preventing possible harm to the innocent justifies exposing to possible harm the person threatening them'" (quoting Scott v. Harris, 550 U.S. 372, 384 n.10 (2007)(emphasis in original))).

Plaintiff's claims under Section 1983 and his state-law claim for battery against Defendant Tucker in his individual capacity, therefore, should be dismissed under Fed. R. Civ. P. 12(b)(6); however, the Court should make its dismissal without prejudice to allow Plaintiff to pursue these claims if he has a good-faith basis to allege factual matter that would support them.

### C. Defendant Bellamy

Similarly, Plaintiff has failed to state an individual capacity claim against Defendant Bellamy under 42 U.S.C. § 1983. Section 1983 does not permit claims of vicarious liability premised on the doctrine of respondeat superior. Iqbal, 129 S.Ct. at 1948. As recently noted in this Court in an opinion by Chief Judge James A. Beaty, Jr., "[s]upervisory officials may be liable under § 1983 if '(1) . . . the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive

13

and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) . . . the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authority of the alleged offensive practices []'; and (3) . . . there was an 'affirmative causal link' between the supervisor's inaction and the particular injury suffered by the plaintiff." McFadyen, ___ F. Supp. 2d at ___, 2011 WL 1260207, at *57 (quoting Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994)). In sum, "[a] plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S.Ct. at 1948.

Plaintiff's pleadings fail to state such a claim. In fact, Plaintiff's only allegation with respect to Defendant Bellamy's individual involvement appears in Plaintiff's claim for "Constitutional/Civil Rights Violations" as follows:

> Defendants City of Greensboro, [GPD], and Chief Bellamy, their agents, servants and/or employees by reason of their acts, omissions, deliberate and conscious indifference to the rights of [Plaintiff], failure and refusal to properly supervise or otherwise correct improper conduct, in allowing and permitting a pattern of improper violation of police procedures and protocol to persist, failure to properly hire, train and supervise law enforcement officers, and permitting a pattern of abuse to continue, deprived plaintiff of his rights, privileges and immunities secured by the Constitution and laws of the United States, and are liable to plaintiff Fields pursuant to Title 42 Section 1983 of the United States Code and under state law.

(Docket Entry 1, ¶ 68.) Such conclusory statements, lacking any supporting factual matter, fail to meet the pleading requirements set by Iqbal. See, e.g., Cooper v. City of Starke, Fla., No. 3:10-

cv-280-J-34MCR, 2011 WL 1100142, at *6 (M.D. Fla. March 23, 2011) (unpublished) (finding that plaintiff failed to state claim for excessive force based on supervisory liability where plaintiff "failed to identify any specific deficiency or deficiencies in [defendant's] training" and provided only "vague references to unidentified failures, policies, and patterns"); Twitchell v. Hutton, No. 10-cv-01939-WYD-KMT, 2011 WL 318827, at *7 (D. Colo. Jan. 28, 2011) (unpublished) (dismissing for failure to state claim for excessive force based on supervisory liability where plaintiff made conclusory statement that defendant "adopted, authorized, and ratified and/or condoned policies and/or customs of the use of excessive force" yet "offer[ed] no supporting facts in connection with her conclusory allegations" (internal quotations omitted)).

Under these circumstances, Plaintiff's claim under 42 U.S.C. § 1983 against Defendant Bellamy in his individual capacity should be dismissed under Fed. R. Civ. P. 12(b)(6); however, the Court should make its dismissal without prejudice to allow Plaintiff to pursue this claim if he has a good-faith basis to allege factual matter that would support it.

III. Lack of Subject Matter Jurisdiction

Defendants have asserted that this Court should dismiss Plaintiff's state law claims for lack of subject matter jurisdiction if the Court dismisses Plaintiff's claims under 42 U.S.C. § 1983. (Docket Entry 5, ¶ 10; Docket Entry 9, ¶ 10.)

Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts

15

have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  However, "the district courts <u>may</u> decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3) (emphasis added).  "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. . . . [I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."  <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726 (1966).  In light of the recommended dismissal of the federal claims at this early stage in the litigation, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and, instead, should dismiss those claims without prejudice.

## Conclusion

Plaintiff Tucker's proposed amendment of his Complaint passes muster in light of the written consent of Defendants.  However, Plaintiff's claims under 42 U.S.C. § 1983 against Defendants Bellamy and Tucker in their official capacity are redundant of Plaintiff's claims against Greensboro.  Moreover, with respect to Plaintiff's remaining excessive force claims under 42 U.S.C. § 1983 and his battery claim under state law, Plaintiff's pleadings lack

16

sufficient "factual matter" as required by Iqbal. Finally, given that all claims over which the Court has original jurisdiction should be dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims at this early stage of the proceedings.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Docket Entry 13) is **GRANTED** and the Clerk is directed to docket the Amended Complaint attached to Plaintiff's Motion for Leave to Amend Complaint (Docket Entry 13, Ex. A).

**IT IS RECOMMENDED** that Defendants' Motions to Dismiss (Docket Entries 5, 9) be **GRANTED IN PART** in that Plaintiff's claims against Defendant GPD and Plaintiff's claims against Defendants Bellamy and Tucker in their official capacities should be dismissed with prejudice, but the remainder of Plaintiff's claims should be dismissed without prejudice.

                                                  /s/ L. Patrick Auld
                                                  **L. Patrick Auld**
                                **United States Magistrate Judge**

September 15, 2011