IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ANTHONY FIELDS,                      )
                                     )
            Plaintiff,               )
                                     )
      v.                             )     1:10CV844
                                     )
JULIUS BRIAN TUCKER; CHIEF OF        )
POLICE TIMOTHY R. BELLAMY;           )
THE GREENSBORO POLICE                )
DEPARTMENT; and the CITY OF          )
GREENSBORO,                          )
                                     )
            Defendants.              )
```

**ORDER**

Plaintiff Anthony Fields ("Fields") raises federal and state law causes of action against Greensboro Police Officer Julius Brian Tucker ("Tucker"), the City of Greensboro, the Greensboro Police Department, and the Greensboro Chief of Police, Timothy R. Bellamy ("Bellamy"), for alleged injuries that Fields suffered after Tucker shot him while he attempted to evade Greensboro police officers. Defendants have moved to dismiss the complaint. (Docs. 5, 9.) On September 15, 2011, the United States Magistrate Judge issued his Memorandum Opinion, Order, and Recommendation ("Recommendation") in accordance with 28 U.S.C. § 636(b), recommending dismissal of all causes of action, although some without prejudice. (Doc. 18.) Fields filed objections to the Recommendation (Doc. 25) as

well as a "Motion for Leave to File Second Amended Complaint" (Doc. 22), which, despite its caption, is simply a second amendment to paragraph 12 of the current amended complaint and attempts to cure defects in his excessive force and battery claims against Tucker in his individual capacity (Doc. 22-1). Defendants have not responded to the motion to amend the complaint. On January 17, 2012, the court held a hearing to consider Fields' objections and his pending motion to file a second amended complaint.

Having conducted a de novo review of those portions of the Recommendation to which objection was made and for the reasons set forth in open court at the January 17, 2012 hearing, the court concludes that Fields' motion for leave to file a second amended complaint should be GRANTED and that Defendants' motions to dismiss should be GRANTED IN PART and DENIED IN PART. Thus, the Recommendation will be adopted in part, and

IT IS THEREFORE ORDERED as follows:

1. Fields' motion for leave to file a second amended complaint (Doc. 22) is GRANTED. Fields shall file his complete second amended complaint (that is, a complaint that incorporates his proposed amendments set forth in Document 22-1 into his current version of the complaint) within ten (10) days of this Order. Defendants shall have twenty-one (21) days after service of the second amended complaint within which to file any

2

response.  Because the second amended complaint attempts to cure pleading defects only as to the cause of action against Tucker in his individual capacity under 42 U.S.C. § 1983 for the use of excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution (Fourth and Seventh Claims for Relief) and under North Carolina law for battery (Sixth Claim for Relief), there is no just reason for the court not to consider Defendants' pending motions to dismiss as to all other grounds.

2. As recommended by the Magistrate Judge, Defendants' motions to dismiss are GRANTED as to Fields' claims against Defendants Tucker and Bellamy in their official capacities and the Greensboro Police Department, as stated in the amended complaint's First, Second, Third, Fifth, Sixth, and Seventh Claims for Relief.  Thus, all of Fields' official capacity claims are DISMISSED WITH PREJUDICE.[1]

3. As recommended by the Magistrate Judge, Defendants' motions to dismiss are GRANTED IN PART as to Fields' claims against Bellamy in his individual capacity and the City of Greensboro for the use of excessive force in violation of the United States Constitution and 42 U.S.C. § 1983 (Fourth and

---

[1] It is unclear whether Fields' claim for constitutional violations (Seventh Claim for Relief) raises official capacity claims against Tucker or Bellamy.  To the extent that it does, it, too, is denied with prejudice.

3

Seventh Claims for Relief), which are DISMISSED WITHOUT PREJUDICE.

4. Defendants' motions to dismiss are GRANTED IN PART as to Fields' claims against Tucker in his individual capacity for violations of the First, Fifth, Sixth, Eighth, Ninth, and Fourteenth[2] amendments (Seventh Claim for Relief), which are DISMISSED WITHOUT PREJUDICE.

5. Defendants' motions to dismiss as to Fields' claims against Tucker in his individual capacity under 42 U.S.C. § 1983 for the use of excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution (Fourth and Seventh Claims for Relief) and under North Carolina law for battery (Sixth Claim for Relief) are DENIED as moot now that the court has allowed the filing of the second amended complaint. See In re Colonial Ltd. P'ship Litig., 854 F. Supp. 64, 80 (D. Conn. 1994) (explaining that when "a plaintiff amends its complaint while a motion to dismiss is pending," the court may "deny[] the motion as moot").

6. Insofar as the court has denied as moot Defendants' motions to dismiss Fields' section 1983 claim against Tucker in his individual capacity, Defendants' motions to dismiss

---

[2] Plaintiff's counsel conceded during the hearing that Fields only raises violations of the Fourteenth Amendment to the extent it makes the Fourth Amendment applicable to the states. See, e.g., United States v. Brown, 401 F.3d 588, 592 (4th Cir. 2005). Thus, any claims for equal protection, due process, or privacy under the Fourteenth Amendment are dismissed without prejudice.

Plaintiff's state law claims for Negligence (First Claim for Relief), Negligent Infliction of Emotional Distress (Second Claim for Relief), Intentional Infliction of Emotional Distress (Third Claim for Relief), and Battery (Sixth Claim for Relief) are DENIED because the court can exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(a).

                                             /s/   Thomas D. Schroeder
                                            United States District Judge

January 20, 2012